# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 97-6073 NE

In re:                                        *
                                              *
William M. Barger and Randee L. Barger        *
                                              *
            Debtors.           *
                                              *
William M. Barger and Randee L. Barger     *     Appeal from the United States
                                           *     Bankruptcy Court for the
            Appellants              *          District of Nebraska
                                              *
        v.                         *
                                              *
Hayes County Non-Stock Co-op,                   *
                                           *
            Appellee.            *

Submitted: February 12, 1998
Filed: April 3, 1998

Before WILLIAM A. HILL, SCHERMER and SCOTT, Bankruptcy Judges

SCHERMER, Bankruptcy Judge:

William and Randee Barger, Chapter 12 Debtors, filed a Motion to Alter or Amend Judgment, seeking reconsideration of the bankruptcy court's[1] order denying confirmation of Debtors'

---

[1] The Honorable Timothy J. Mahoney, Chief Judge, United States Bankruptcy Court for the District of Nebraska.

First Amended Chapter 12 Plan.    The bankruptcy court denied
Debtors' Motion

to Alter or Amend.  Debtors then filed a Motion to Vacate the order denying their Motion to Alter or Amend.  From the bankruptcy court's denial of the Motion to Vacate, Debtors filed this appeal.  On appeal, Debtors seek review of not only the order denying Debtors' Motion to Vacate, but also the substance underlying the order  denying confirmation of their Chapter 12 plan.

Because we hold that Debtors' Motion to Vacate did not toll the time for appeal of the underlying order denying confirmation, the only issue on appeal is whether the bankruptcy court abused its discretion in denying Debtors' Motion to Alter and Debtors' Motion to Vacate.  With respect to the trial court's denial of both of these motions, we hold that the trial court did not abuse its discretion.  Thus, we affirm the decisions of the bankruptcy court.

## I.  FACTUAL AND PROCEDURAL HISTORY

Debtors operate a farm in Hitchcock County, Nebraska and sought relief under Chapter 12 of Title 11 of the United States Bankruptcy Code on October 23, 1995.  Debtors became indebted to the appellee, Hayes County Non-Stock Co-op ("the Co-op") on an open account for services performed or farm related goods sold prior to the filing.  To secure these obligations, Debtors granted the Co-op a security interest in certain farm products and crops, including specifically the Debtors' 1994 corn and pinto bean crop grown on property in Hitchcock County.

Over the next two years, Debtors filed four Chapter 12 plans in which they treated the Co-op as holding either an unsecured or minimally secured claim.  In each instance, the Co-op filed objections to the modified and amended plans, disputing treatment of the Co-op's claim on the basis that Debtors allegedly sold their 1994 corn and pinto bean crop out-

3

of-state, without recognizing the Co-op's security interest in the crop proceeds.

On March 17, 1997, Debtors filed their fourth reorganization plan, denominated as the Debtors' First Amended Chapter 12 Reorganization Plan (the "Plan").[2]\ The Co-op again objected to confirmation, asserting that the Debtors' history in two prior reorganization cases,[3] together with the Debtors' alleged conversion of the proceeds of the Co-op's 1994 crop, demonstrated that the Plan was neither feasible nor proposed in good faith. On April 16, 1997, the court held a hearing on confirmation of the Plan and took the matter under advisement. On June 5, 1997, the court entered an order (dated June 4, 1997) denying confirmation. It is from denial of confirmation of this Plan and from denial of subsequent motions to reconsider this order that Debtors appeal.

In its order of June 4, 1997, the court found that Mr. Barger converted the Co-op's collateral and that the Plan treatment afforded the Co-op's claim was not made in good faith. The Plan proposed to treat the Co-op's claim as follows: first, Debtors proposed to set off any balance found due the Co-op against any judgment Debtors obtained against the Co-op in an adversary proceeding which Debtors filed seeking

---

[2] The sequence and descriptions of reorganization plans is somewhat confusing. Debtors' first plan, in this case, was filed on November 8, 1995 and denominated Debtors' Reorganization Plan. Debtors amended this plan by their First Modification to Chapter 12 Reorganization Plan on March 15, 1996, and by a Second Modification to Chapter 12 Reorganization Plan on August 15, 1996. On March 17, 1997, Debtors filed their fourth plan, which is the one at issue in the motions on appeal. That plan was denominated the First Amended Chapter 12 Reorganization Plan.

[3] These Debtors are not strangers to Judge Mahoney nor the bankruptcy court in Nebraska. Debtors have been under the protections of Title 11 almost continuously since May, 1986 when they filed their first reorganization under Chapter 11. After a finding in April 1990, that their Chapter 11 plan was not feasible, the court dismissed the Chapter 11 case. One month later, Debtors filed a Chapter 12 petition. Five years after operating under the protections of Chapter 12, and after incurring post-petition deficits, the Debtors moved for dismissal of their Chapter 12 case. One month after that dismissal, Debtors filed this Chapter 12 petition.

5

damages for negligent application of herbicide.    If, after set off, the Co-op's claim exceeded $5,000.00, Debtors proposed to satisfy the Co-op's claim by paying $5,000.00 with 8.25% interest, payable in three equal monthly installments.  If the claim proved to be less than $5,000.00, Debtors proposed to pay the full amount of the claim with interest over such time period.  The court found this

treatment lacked good faith because, as the court explained in its June 4, 1997, order, "[r]ather than attempting to make amends [for conversion of collateral], [the Debtors] now propose to pay at most a mere 1/7th of the claim of this once fully secured creditor, and . . . only if [the Debtors] are not entirely successful in [their] lawsuit against the Co-op." In addition, based upon the Debtors' projected cash flow, the court found that if the Debtors were ultimately unsuccessful in their lawsuit against the Co-op and had to classify and pay the Co-op's claim as if it were fully secured, the Plan's feasibility would be in question.

**Debtors' First Motion to Reconsider - Motion to Alter or Amend Judgment**

On June 12, 1997, and within ten days of the June 4, 1997, order denying confirmation, Debtors filed a Motion to Alter or Amend Judgment ("Motion to Alter") to obtain reconsideration of the order denying confirmation. As the basis for reconsideration, Debtors brought to the court's attention the fact that between the confirmation hearing and the confirmation order, the court disallowed the Co-op's claim in its entirety. Thus, Debtors argued that the Co-op had no claim which could provide grounds for objection to confirmation. As further grounds for reconsideration, (although inconsistent with the position that the Co-op did not have a valid claim against the estate), the Debtors asserted that the Co-op held a "last lien position on the 1994 corn and beans" and that the Plan's proposal to pay the Co-op $5,000.00 was more than the creditor would have received outside of bankruptcy or as an unsecured creditor. Thus, Debtors asserted the Plan was proposed in good faith.

In an order dated July 1, 1997, the Court denied Debtors' Motion to Alter. In that July 1, 1997, order, the court

7

rejected Debtors' assertion that the court erred in considering the Co-op's claim at confirmation, remarking that the court tried the secured status of the Co-op's claim at the confirmation hearing, and at no time during trial, did the Debtors make known to the court that they had objected to the claim nor that the court had previously

entered an order sustaining an objection to the Co-op's claim for failure of the Co-op to respond.[4]

Additionally, in its order denying the Motion to Alter, the court stated that it could reconsider any prior order disallowing the Co-op's claim and did so in the July 1, 1997, order because the parties had actually litigated the claim during the confirmation process. Lastly, the court held that Debtors' Motion to Alter or Amend (and the Affidavit in support) presented no new evidence to cause the court to reconsider its prior conclusion that Debtors' Plan lacked good faith.

**Debtors' Second Motion to Reconsider - Motion to Vacate**

On July 9, 1997, and within ten days of the July 1, 1997, order denying the Motion to Alter, Debtors filed a Motion to Vacate Order, requesting that the court set aside its order of July 1, 1997, and conduct a hearing on the Motion to Alter. In support of their Motion to Vacate, Debtors asserted the following points as error:

(1) that the court improperly reinstated the Co-op's previously disallowed claim by taking such action on its own

---

[4]  Procedurally, we observe that the Co-op filed its proof of claim very early in this case (December 4, 1995), and that Debtors filed their claim objection on March 5, 1997, just before filing their fourth proposed plan. The Notice of Objection Deadline provided that responses to the objection were due on March 31, 1997, and that if no objections or resistance were filed, the court would consider entering an order sustaining the objection. The Co-op did not file a written response to the objection, and thus, while the parties litigated confirmation, Debtors tendered a proposed order, which, when entered on April 30, 1997, sustained Debtors' objection and disallowed the claim. Although at the time of the confirmation hearing on April 16, 1997, the court had not yet, in fact, entered the order sustaining the claim objection and despite the statement of the sequence of events in the order denying Debtors' Motion to Alter, it is apparent that the court found Debtors' challenge to the validity of the Co-op's claim in the Motion to Alter to be inappropriate since the court believed the parties had just litigated the claim at confirmation.

initiative and without notice and opportunity for hearing in violation of Bankruptcy Rule 3008;

(2) that the court incorrectly concluded that the Debtors concealed the existence of the claim objection and the order sustaining the objection; and

(3) that the court improperly concluded that the Debtors and the Co-op litigated the secured status of the Co-op's claim during the trial on good faith issues and plan feasibility at the confirmation hearing.

In a one line order, entered August 13, 1997, the court overruled the Debtors' Motion to Vacate. Debtors filed their Notice of Appeal on August 21, 1997, and stated that they were appealing "from the Order to Vacate Order overruling the debtors' Motion to Alter or Amend." In their briefs and at argument, however, Debtors are seeking to have this court review the merits of the June 4, 1997, order denying confirmation.

## II. ISSUE ON APPEAL

The issue in this appeal is procedural, and raises the question whether Debtors' Motion to Vacate effectively stayed the period for appeal of the order denying confirmation so that the court should consider the merits of the June 4, 1997, order, or whether the Motion to Vacate preserved for appeal only the question of the appropriateness of denial of the Motion to Alter. This case illustrates that a motion to vacate, whether treated as a Rule 60(b) or a Rule 59(e) motion, even though filed within ten days of an order denying a prior motion to alter or amend, preserves for appeal, at most, only the orders denying the motions to alter or vacate. It does not preserve for review the merits of the underlying order which was challenged in the first motion.

## III. STANDARD OF REVIEW

On appeal, we review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Fed. R. Bankr. P. 8013; In re Usery, 123 F.3d 1089, 1093 (8th Cir.

11

1997); O'Neal v. Southwest Mo. Bank (In re Broadview Lumber Co.), 118 F.3d 1246, 1250 (8th Cir. 1997) (citing First Nat'l Bank v. Pontow, 111 F.3d 604, 609 (8th Cir.1997)).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court, on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).  We review the

bankruptcy court's grant or denial of a Rule 59(e) motion to alter or amend a judgment for abuse of discretion. <u>Perkins v. U S West Communications</u>, No. 97-2959, 1998 WL 91424 at *3 (8th Cir. Mar. 5, 1998). <u>See</u> <u>Twin City Const. v. Turtle Mountain Band of Chippewa Indians</u>, 911 F.2d 137, 139 (8th Cir.1990). Similarly, Rule 60(b) motions are within the discretion of the trial court, and we will reverse the denial of a Rule 60(b) motion only when the court has clearly abused its discretion. <u>Peterson v. General Motors Corp.</u>, 904 F.2d 436, 440 (8th Cir. 1990); <u>Baxter Int'l Inc. v. Morris</u>, 11 F.3d 90, 92 (8th Cir. 1993). An abuse of discretion will only be found if the lower court's judgment was based on clearly erroneous factual findings or erroneous legal conclusions. <u>Mathenia v. Delo</u>, 99 F.3d 1476, 1480 (8th Cir.1996), cert. denied, 477 U.S. 909 (1997).

## IV.  DISCUSSION

Bankruptcy Rule 8002(a) of the Federal Rules of Bankruptcy Procedure requires that a notice of appeal must be filed within ten days of entry of the judgment, order or decree appealed from. Bankruptcy Rule 8002(b), however, provides that certain motions, if timely filed, will toll the time for appeal so that the time for appeal will begin running from the entry of an order disposing of such motions. Specifically, Rule 8002(b) provides that the timely filing of one of the following motions will toll the time for appeal: (1) a motion to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the judgment; (2) a motion to alter or amend the judgment under Rule 9023; (3) a motion for a new trial under Rule 9023; and (4) a motion for relief from the operation of a judgment or order under Rule 9024 if the motion is filed no later than ten days after the entry of judgment. Bankruptcy Rule 7052 incorporates Rule 52 of the Federal Rules of Civil Procedure and permits the court to amend

its findings of fact on motion of a party in interest made within ten days of entry of an order.  Bankruptcy Rule 9023 incorporates Rule 59 of the Federal Rules of Civil Procedure which permits new trials either on motion of a party made within ten days of entry of a judgment, <u>see</u> Fed. R. Civ. P. 59(a), or on the court's initiative within such ten day period, <u>see</u> Fed. R. Civ. P. 59(d).  Additionally, and perhaps most frequently employed, Rule 59(e) permits the court to entertain motions to alter or amend a judgment if made within ten days of entry of the judgment.

Bankruptcy Rule 9024, adopts Rule 60 from the Federal Rules of Civil Procedure. Rule 60(b), which is relevant to this appeal, authorizes the court to grant relief because of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or misconduct of an adverse party; (4) entry of a void judgment; (5) release, satisfaction or discharge of the judgment; or (6) any other reason justifying relief from the judgment. A Rule 60(b) motion must be made within a reasonable time and does not affect the finality of the judgment or suspend its operation. See Fed. R. Civ. P. 60(b); see also Assoc. for Retarded Citizens v. Sinner, 942 F.2d 1235, 1239 (8th Cir. 1991) ("Although the filing of a Rule 60 (b) motion for relief from a final order does not extend a party's time to appeal the underlying order, the denial of Rule 60(b) relief is appealable.").

We first address the Motion to Vacate. Because Debtors neglected to identify under which rule they were proceeding in their Motion to Vacate, they left "the characterization of the motion to the court's somewhat unenlightened guess." Sanders v. Clemco Indus., 862 F.2d 161, 168 (8th Cir. 1988). When a moving party fails to specify the rule under which it makes a post-judgment motion, the characterization is left to the court with the risk that the moving party may lose the opportunity to present the merits underlying the motion to an appellate court. Sanders, 862 F.2d at 168 (8th Cir. 1988). Typically, such motions have been characterized as motions under either Fed. R. Civ. P. 59 or 60, with the precise categorization depending to some extent on the substance of the motion. Spinar v. South Dakota Bd. of Regents, 796 F.2d 1060, 1062 (8th Cir. 1986). In other instances, courts have considered "'any motion that draws into question the correctness of the judgment [as] functionally a motion under Rule 59(e), whatever its

15

label.'" <u>Norman v. Arkansas Dept. of Educ.</u>, 79 F.3d 748, 750 (8th Cir. 1996) (quoting 9 J. Moore, Moore's Federal Practice ¶ 204.12[1] at 4-82 (2d ed. 1995)) <u>cited in</u> <u>Quartana v. Utterback</u>, 789 F.2d 1297, 1300 (8th Cir. 1986). Courts have generally viewed any motion which seeks a substantive change in a judgment as a Rule 59(e) motion if it is made within ten days of the entry of the judgment challenged. <u>Omaha Indian Tribe v. Tract I--Blackbird Bend Area</u>, 933 F.2d 1462, 1467 n.3 (8th Cir. 1991) (citing 6A J. Moore, Moore's Federal Practice ¶ 59.12[1] (2d ed. 1989)).

Conversely, if a motion is filed more than ten days after the judgment, it is treated as a Rule 60(b) motion.  See Baxter Int'l. Inc. v. Morris, 11 F.3d 90, 92 (8th Cir. 1993) (holding that motion denominated as "Motion to Reconsider" would be treated as Rule 60(b) motion where it was filed more than 10 days after entry of the judgment).

In this case, it does not matter whether we consider the Debtors' Motion to Vacate under Rule 59(e) or Rule 60(b) for purposes of reviewing the denial of confirmation because, under either construction, the motion does not preserve jurisdiction for our review of that order.  Because the parties have treated the motion as directed to both the Motion to Alter and the order denying confirmation, we will consider the motion as it applies to both of these orders.  As directed to the Motion to Alter, our characterization of the motion under Rule 59(e) or Rule 60(b) affects whether we review only the propriety of denial of the Motion to Vacate or whether we also review the court's denial of the Motion to Alter.

First, we consider the Motion to Vacate as directed to the order denying confirmation.  If we consider the motion to be a Rule 59(e) motion challenging the confirmation order, the motion was filed more than ten days after entry of the confirmation order and thus, was untimely.

As a Rule 60(b) motion directed to setting aside the confirmation order, the Motion to Vacate did not stay or toll the finality of that order denying confirmation, and thus, this appeal, if deemed from the order denying confirmation, is untimely.  Sanders, 862 F.2d at 169 (8th Cir. 1988). Moreover, as an appeal from denial of a Rule 60(b) motion, this appeal does raise the underlying judgment for review.  An appeal from denial of a Rule 60(b) motion only presents the appellate court with the question of whether the trial court

17

abused its discretion in ruling on the motion. Sanders, 862 F.2d at 169; Browder v. Dir. Dep't of Corrections, 434 U.S. 257, 263 n.7 (1978). Thus, by construing the Motion to Vacate as a Rule 60(b) motion directed to the confirmation order, we do not squarely consider the merits of that underlying order. We only ask whether the court abused its discretion in denying the Motion to Vacate. Brooks v. Ferguson-Florissant Sch. Dist., 113 F.3d 903, 904 (8th Cir. 1997). In deciding whether the court abused its discretion in denying the Motion to Vacate, we are guided by the principle that Rule 60(b) relief provides "extraordinary relief" which

should be granted only upon an adequate showing of exceptional circumstances.  <u>Baxter Int'l. Inc. v. Morris</u>, 11 F.3d at 92 (8th Cir. 1993).  <u>See</u> <u>Rosebud Sioux Tribe v. A & P Steel, Inc.</u>, 733 F.2d 509, 515 (8th Cir.) (motions under Rule 60(b) are viewed with disfavor), <u>cert. denied</u>, 469 U.S. 1072 (1984). Because the Debtors presented no new evidence or new legal arguments in their Motion to Vacate, but instead, reiterated the substance of their objections asserted in the Motion to Alter, we find that the court did not abuse its discretion in denying the Motion to Vacate.  Where a motion to vacate raises only issues of law that previously were rejected by the trial court, the court cannot be said to have abused its discretion in subsequently denying relief on the motion.  <u>Sanders</u>, 862 F.2d at 170 (8th Cir. 1988) (citing <u>Fox v. Brewer</u>, 620 F.2d 177, 180 (8th Cir. 1980) (the failure to present reasons not previously considered by the court "alone is a controlling factor against granting relief")).

Debtors asserted at oral argument that their Motion to Vacate did raise a new legal argument in that the Motion to Vacate, for the first time, included a challenge to the Court's <u>sua</u> <u>sponte</u> reconsideration and allowance of the Co-op's claim. In the Motion to Vacate, Debtors asserted that the court improperly reconsidered and allowed the Co-op's claim as part of its order denying the Motion to Alter and that such reconsideration required hearing and notice under Bankruptcy Rule 3008.

The Debtors' legal conclusion concerning the exclusive procedure for reconsideration of claims in this instance, and the assertion that the Motion to Vacate raised, for the first time, the propriety of reconsidering the Co-op's claim are incorrect.  Debtors' Motion to Alter raised these questions, and, in fact, asked the court to disregard the Co-op's claim which, at the time of hearing on confirmation, was an allowed

19

claim.  When ruling on the Motion to Alter, the court soundly rejected the assertion that the claim should neither be re-instated nor considered for confirmation because the court found that the parties had actually tried the validity of the claim at confirmation.

Additionally, in the Motion to Alter, the court correctly concluded that bankruptcy rules authorize the court to reconsider the allowance or disallowance of a claim.  While not reciting the rule relied upon, it is clear that under Bankruptcy Rule 9024 and Rule 60(a) the court may reconsider its own orders, and any errors therein, arising from oversight or

omission.  Here, it is apparent that the bankruptcy court believed its order disallowing the Co-op's claim was entered in error because the parties actually litigated the validity of the claim at confirmation.  Conversely, the claim objection was sustained, not after determination on the merits, but only because the Co-op failed to respond.  Thus, we do not find that the bankruptcy court abused its discretion in denying the Motion to Vacate.

Next, we consider the Motion to Vacate as if directed to the order denying the Motion to Alter.  If we characterize the motion as a Rule 60(b) motion, we again may only ask whether the bankruptcy court based its denial of the Motion to Vacate on clearly erroneous factual findings or erroneous legal conclusions.  Because, as stated above, the Motion to Vacate did not raise new factual matters or legal arguments, as a Rule 60(b) motion, we again hold that the court did not abuse its discretion in refusing to vacate its order denying Debtors' Motion to Alter.

Alternatively, because Debtors' Motion to Vacate was filed within 10 days of the entry of the court's order denying the Motion to Alter, we may consider the Motion to Vacate as a Rule 59(e) motion.  An appeal from an order denying a Rule 59(e) motion brings up for review all non-moot orders rendered by the trial court.  Kunik v. Racine, 106 F.3d 168,173 (7th Cir. 1997); see In re Grabill Corp., 983 F.2d 773, 775 (7th Cir. 1993).  Cf. Sanders, 862 F.2d at 169 (appeal from denial of motion under Rule 60(b) does not raise the underlying judgment for review).  The Supreme Court explained the effect of Rule 59 and Rule 60 post-judgment motions on appeals in Stone v. INS, 514 U.S. 386, 402-03 (1995), stating:

> The majority of post-trial motions, such as Rule 59, render the underlying judgment nonfinal both when filed before an appeal is taken (thus tolling the

time for taking an appeal), and when filed after the notice of appeal (thus divesting the appellate court of jurisdiction).  Other motions, such as  Rule 60(b) motions filed more than 10 days after judgment, do not affect the finality of a district court's judgment, either when filed before the appeal (no tolling), or afterwards (appellate court jurisdiction not divested). *Motions that do toll the time for taking appeal give rise to only one appeal in which all matters are reviewed;  motions that do not toll the time for taking an appeal give rise to two separate appellate proceedings that can be consolidated.*

quoted in <u>Kunik v. Racine</u>, 106 F.3d at 172 (7th Cir. 1997) (emphasis added).

By treating Debtors' Motion to Vacate as a Rule 59(e) motion, appeal from its denial raises the merits of the court's denial of Debtors' prior Motion to Alter. Because we review the denial of the both 59(e) and Rule 60(b) motions under the abuse of discretion standard, <u>Perkins v. U. S. West Communications</u>, No. 97-2959, 1998 WL 91424 at *3 (8th Cir. Mar. 5, 1998), we again find nothing to suggest that the court erred in denying the Motion to Vacate or the Motion to Alter. With respect to the Motion to Alter, the Court's order of July 1,1997, indicates that the court carefully addressed each of the asserted points of error raised by Debtors. Only after reviewing the points raised by Debtors in light of its familiarity with the proceedings, the testimony at trial, and the court's impression of the credibility of the witness, did the bankruptcy court deny the Motion to Alter. There is nothing in the record, particularly without review of the transcript of the hearing on confirmation, to convince this court that the bankruptcy court abused its discretion in denying Debtors' Motion to Alter.

By treating the Motion to Vacate as a Rule 59(e) motion, we reject the Co-op's assertion that this court does not have jurisdiction to consider the merits of any order other than the Motion to Vacate. The Co-op made this argument because the notice of appeal identified only the Motion to Vacate as the order from which appeal was taken. As a Rule 59(e) motion, appeal from the Motion to Vacate properly raised the merits of denial of the Motion to Alter. Moreover, both parties addressed the merits of the Motion to Alter in their briefs, and we hold that allowing consideration of the Motion to Alter is consistent with the more lenient approach to appeals required by the Supreme Court in <u>Forman v. Davis</u>, 371 U.S. 178,

23

181 (1962) where the Court allowed an appeal of a dismissal order even though the notice of appeal identified the order denying a Rule 59(e) motion as the order from which appeal was taken. The Court explained: "It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." Id. at 181.

Despite this standard, however we reiterate that we cannot reach the merits of denial of confirmation. Had Debtors timely appealed from denial of their Motion to Alter rather than substituting the Motion to Vacate for an appeal, the underlying issue of confirmation

could have been preserved for this court.  See <u>Sanders</u>, 862 F.2d at 169 (stating "district court was not required to grant relief under Rule 60(b) as a substitute for . . . exercising [the] right to appeal the alleged error").  Debtors either mistakenly believed their Motion to Vacate would toll the time for appeal of the adverse decision at confirmation, or they attempted to substitute their Motion to Vacate for an immediate appeal.  In either case, the use of multiple motions to reconsider caused Debtors to lose their right for appellate review on the merits of the order denying confirmation.

For the forgoing reasons, the decisions of the bankruptcy court in denying Debtors' Motion to Vacate and Motion to Alter are affirmed.

A true copy.

    Attest:

        CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT