# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 02-6036EM

_____

| | | |
|---|---|---|
| In re: Eric J. Snyder, | * | |
| | * | |
| Debtor. | * | |
| ------------------------ | * | Appeal from the United States |
| Eric J. Snyder, | * | Bankruptcy Court for the |
| | * | Eastern District of Missouri |
| Debtor-Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| John V. LaBarge, Jr., | * | |
| | * | |
| Trustee-Appellee, | * | |
| | * | |
| Jane Dailey Snyder, | * | |
| | * | |
| Interested Party-Appellee, | * | |
| | * | |
| John Henderson, Jr., | * | |
| | * | |
| Creditor -Appellee. | * | |

_____

Submitted: November 8, 2002
Filed: November 26, 2002

_____

Before KOGER, Chief Judge, KRESSEL, and FEDERMAN, Bankruptcy Judges.

_____

FEDERMAN, Bankruptcy Judge.

_____

On May 31, 2002, the bankruptcy court denied appellant Snyder's motion to vacate two orders entered by the bankruptcy court on March 1, 2002.[1] One of those orders had denied confirmation of Snyder's third amended Chapter 13 plan, dismissed the Chapter 13 case, and barred Snyder from filing another bankruptcy petition for 180 days from the date of the dismissal. The court's order of May 31, 2002, instead, set May 31, 2002, as the point at which the 180 days began to run. On June 10, 2002, Snyder filed his second motion to vacate the two orders of March 1, 2002, and appealed the bankruptcy court's *sua sponte* extension of the 180-day bar. On June 11, 2002, the bankruptcy court entered an order denying appellant Snyder's second motion to vacate, holding that Snyder failed to raise any new relevant facts or legal issues other then those he raised in his first motion to vacate. The Court also found that it did not err when it extended the 180-day bar in its May 31, 2002 order. We dismiss this appeal as untimely as to the merits of the bankruptcy court's orders of March 1, 2002. We find that Snyder filed a timely appeal of the portion of  the May 31, 2002 order that extended the 180-day bar date first established in the March 1, 2002 order. Snyder did not, however, obtain a stay pending this appeal, the bar date has all but run, and that portion of the order is now moot.

## FACTUAL BACKGROUND

We will first set out the facts relevant to our finding that the appeal of the bankruptcy court's orders of March 1, 2002, was untimely. On July 6, 1999, Snyder filed this Chapter 13 bankruptcy petition in order to stop a dissolution proceeding scheduled in the Circuit Court of St. Louis County, Missouri (the Circuit Court) on that same date. The Circuit Court continued the  dissolution proceeding. The bankruptcy court returned Snyder's petition filed on July 6, 1999, because he paid the filing fee with a personal check. The Circuit Court rescheduled the dissolution hearing for October 19, 1999. Snyder did not appear at the hearing, and at 3:49 p.m. on October 19, 1999, he filed a second Chapter 13 bankruptcy petition. On November 1, 1999, the bankruptcy court granted Snyder's motion that the second bankruptcy petition be backdated to July 6, 1999, the date he filed his first petition.

---

[1]The Honorable David P. McDonald, Chief Judge, United States Bankruptcy Court for the Eastern District of Missouri.

On December 16, 1999, Jane Snyder, debtor's estranged wife, filed a motion for relief from stay to allow the dissolution to proceed. On December 23, 1999, the bankruptcy court granted Ms. Snyder's motion as to child support only, but ordered no disbursement of property of the bankruptcy estate. Between November 17, 1999, and November 20, 2001, Snyder filed five proposed Chapter 13 plans, none of which was confirmed. On August 24, 2000, the bankruptcy court held a hearing on the objections to confirmation of Snyder's third amended Chapter 13 plan. On December 21, 2000, Snyder filed a motion to set aside, or find void, the following: (1) a dissolution hearing held in the Circuit Court on October 19, 1999; (2) the bankruptcy court's order of December 23, 1999, granting relief from the automatic stay; and (3) the "PDL" hearing held in the Circuit Court on October 19, 1999. On March 1, 2002, the bankruptcy court entered two memorandum opinions and two separate orders. One order denied confirmation of debtor's third amended Chapter 13 plan, and *sua sponte* dismissed the case for Snyder's failure to comply with the orders of the court. The court also barred Snyder from filing another case for 180 days. The other order *sua sponte* vacated the order of November 1, 1999, which made the filing date retroactive to July 6, 1999, and held that Snyder filed this Chapter 13 bankruptcy petition on October 20, 1999, one day after the dissolution proceeding in the Circuit Court. The court also denied Snyder's request to vacate both the bankruptcy court's order granting relief from the automatic stay, and his request that the bankruptcy court vacate two hearings held in the Circuit Court.

On March 11, 2002, Snyder filed his first motion to vacate the bankruptcy court's orders of March 1, 2002. In addition, he filed a motion for change of venue and a motion to reinstate July 6, 1999, as the original filing date. On May 31, 2002, the bankruptcy court denied Snyder's motion to vacate and his motion for a change of venue. The bankruptcy court also ordered that Snyder be barred from filing another bankruptcy petition for 180 days beginning May 31, 2002. On June 10, 2002, Snyder filed a second motion to vacate, alter, or amend the bankruptcy court's orders of March 1, 2002. On June 11, 2002, the bankruptcy court entered an order denying the motion to vacate its Orders. On June 21, 2002, Snyder filed a notice of appeal. Snyder did not appeal the bankruptcy court's order denying his first motion to vacate, nor did he obtain a stay pending appeal of the bankruptcy court's order denying his second motion to vacate. As a result, on July 26, 2002, the Chapter 13 trustee returned to the debtor the sum of $15,550.00, representing the funds held by the trustee as

of the dismissal date, and on September 10, 2002, the Chapter 13 trustee issued his Final Report and Account.

STANDARD OF REVIEW

A bankruptcy appellate panel shall not set aside findings of fact unless clearly erroneous, giving due regard to the opportunity of the bankruptcy court to judge the credibility of the witnesses.[2] We review the legal conclusions of the bankruptcy court *de novo.*[3]

DISCUSSION

The issue on this appeal is whether Snyder preserved his right to file a timely appeal of the two orders entered by the bankruptcy court on March 1, 2002, when he filed his second motion to vacate those orders. We have previously dealt with this issue. In *Barger v. Hayes County Non-Stock Co-Op (In re Barger),*[4] we held that a second motion to vacate preserves for appeal the order denying the motion to vacate, but does not preserve for review the merits of the underlying order.[5] In *Barger,* the bankruptcy court denied confirmation of debtor's Chapter 12 plan, then denied a motion to alter or amend that order, and, finally, denied a subsequent motion to vacate the order. We held that the motion to vacate did not toll the time for appeal of the underlying order denying confirmation, therefore, the only issue on appeal was whether the bankruptcy court abused its discretion when it denied the motions to alter

---

[2]*Gourley v. Usery (In re Usery),* 123 F.3d 1089, 1093 (8th Cir. 1997); *O'Neal v. Southwest Mo. Bank (In re Broadview Lumber Co., Inc.)*, 118 F.3d 1246, 1250 (8th Cir. 1997) (citing *First Nat'l Bank of Olathe, Kansas v. Pontow*, 111 F.3d 604, 609 (8th Cir.1997)). Fed. R. Bankr. P. 8013.

[3]*First Nat'l Bank of Olathe, Kansas v. Pontow (In re Pontow),* 111 F.3d 604, 609 (8th Cir. 1997); *Sholdan v. Dietz (In re Sholdan),* 108 F.3d 886, 888 (8th Cir. 1997).

[4]219 B.R. 238 ( B.A.P. 8th Cir. 1998).

[5]*Id.* at 242- 43.

and amend and to vacate.[6] Likewise, in *State of Missouri by Unemployment Commission v. Todd*,[7] the Eighth Circuit held that the appeal from the denial of a motion to vacate is not the equivalent of an appeal from the order itself.[8] As the Eighth Circuit explained, if this were not the law, a debtor could wait until the conclusion of a bankruptcy case, and then, by moving to vacate all orders and appealing from the order denying that request, secure a review of every order. Such a result would defeat the requirement that the party seeking review of a court's order must make such a request shortly after the order is entered.[9] That is clearly the situation in this case.

The bankruptcy court filed its orders on March 1, 2002. Rule 8002 of the Federal Rules of Bankruptcy Procedure set forth the time for filing a notice of appeal. It provides that the notice of appeal must be filed within ten days of the order appealed from, or within ten days of the ruling on a motion to alter or amend:

> **(a) TEN-DAY PERIOD.** The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from.
>
> **(b) EFFECT OF MOTION ON TIME FOR APPEAL.** If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion:
>
> > (1) to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the judgment;

---

[6] *Id.* at 240.

[7] 122 F.2d 804 (8th Cir. 1941).

[8] *Id.* at 806.

[9] *Id.*; *See also Irving Trust Co. of New York v. Nelson (In re Schulte-United, Inc.)*, 59 F.2d 553, 559 (8th Cir. 1932) (holding that a motion to vacate an order, and an appeal from the denial of that motion, is not the equivalent of an appeal from the order itself, therefore, the reviewing court can only review the propriety of denying the motion to vacate).

(2) to alter or amend the judgment under Rule 9023;

(3) for a new trial under Rule 9023; or

(4) for relief under Rule 9024 if the motion is filed no later than 10 days after the entry of the judgment.[10]

On March 11, 2002, Snyder filed a motion to vacate the bankruptcy court's orders of March 1, 2002. On May 31, 2002, the bankruptcy court denied that motion. Snyder then had ten days, or until June 10, 2002, in which to file a timely notice of appeal in order to preserve the underlying merits of the March 1, 2002 orders. Instead, on June 10, 2002, Snyder filed yet another motion to vacate, alter, amend, or set aside the court's orders of March 1, 2002. On June 11, 2002, the bankruptcy court denied that motion. He did not file a notice of appeal until June 22, 2002. Such a notice of appeal is untimely to preserve the underlying merits of the March 1, 2002 orders. We, therefore, dismiss the appeal as to the March 1, 2002 orders appeal for lack of jurisdiction because it is untimely.

As to the June 11, 2002 order, we review the bankruptcy court's grant or denial of a motion to vacate for abuse of discretion.[11] A court abuses its discretion only if the reviewing court finds that the court's judgment was based on clearly erroneous factual findings or erroneous legal conclusions.[12] The bankruptcy court denied Snyder's second motion to vacate, alter, amend, or set aside the court's orders on the grounds that the motion did not raise any new relevant facts or legal issues other than those raised and denied in the first motion to vacate. Rule 60(b) of the Federal Rules of Civil Procedure, as made applicable to this case by Rule 9024 of the Federal Rules of Bankruptcy Procedure controls. It provides that a party may obtain relief from a judgment or order if such party demonstrates mistake,

---

[10]Fed. R. Bankr. P. 8002(a) and (b).

[11]*Barger v. Hayes County Non-Stock Co-Op (In re Barger)*, 219 B.R. 238, 243 (B.A.P. 8th Cir. 1998).

[12]*Id.*

inadvertence, excusable neglect, newly-discovered evidence, or fraud.[13] The bankruptcy court found that Snyder failed to raise any new relevant facts or legal issues in his second motion to vacate, alter, or amend the orders of March 1, 2002. We find that the bankruptcy court did not abuse its discretion in making such a finding.

Arguably, Snyder did preserve for appeal whether the bankruptcy court abused its discretion when, in its May 31, 2002 order, it barred Snyder from filing another bankruptcy petition for 180 days. In its order of March 1, 2002, the bankruptcy court had not only dismissed the Chapter 13 bankruptcy case, but, because of Snyder's failure to obey the orders of the court during the pendency of the case, barred him from filing another case for 180 days from that date. When Snyder then immediately filed a motion to vacate that order, the bankruptcy court extended the ban, so that it will now expire on November 27, 2002. Snyder did not obtain a stay of the bankruptcy court's order of May 31, 2002. Thus, the 180-day ban has all but run, and, assuming Snyder did preserve this issue for appeal, it is now moot. We will, therefore not address it. It all other respects, we affirm the bankruptcy court's denial of the second motion to vacate. And, as to the March 1, 2002 orders, we dismiss the appeal as untimely.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
EIGHTH CIRCUIT

---

[13]Fed. R. Civ. P. 60(b), as made applicable by Fed. R. Bankr. P. 9024. (*See also Otoe County Nat'l Bank v. W.&P. Trucking, Inc.*, 754 F.2d 881,883 (8th Cir. 1985) (holding that in addition to mistake, inadvertence, surprise, or excusable neglect, in order to avoid frivolous litigation, the party seeking relief from a default judgment must also demonstrate a meritorious defense).