
**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>PETER SZANTO,<br>　　　　　Debtor. | BAP No.  OR-20-1148-BTL<br><br>Bk. No.  3:16-bk-33185-pcm7 |
| PETER SZANTO,<br>　　　　　Appellant,<br>v.<br>CANDACE AMBORN, Chapter 7 Trustee,<br>　　　　　Appellee. | **MEMORANDUM\*** |

Appeal from the United States Bankruptcy Court
for the District of Oregon
Peter C. McKittrick, Bankruptcy Judge, Presiding

Before: BRAND, TAYLOR, and LAFFERTY, Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] debtor Peter Szanto filed an objection to a case status report
("Status Report") filed by the chapter 7 trustee, Candace Amborn ("Trustee").
He did so after being informed by the court that Trustee's pleading was
merely an informational report on projected distributions and that the court

---

\* This disposition is not appropriate for publication. Although it may be cited for
whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential
value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of
Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil

would entertain no responses and would take no action on the report. The bankruptcy court issued an order that it would take no action on Szanto's objection to the Status Report. Szanto appeals pro se[2] this order and the court's subsequent denial of his motion for relief under Civil Rule 60(b), applicable via Rule 9024.

This appeal is frivolous. The orders at issue did nothing to affect anyone's rights, including Szanto's, and he admitted as much at oral argument. Consequently, Szanto lacks standing to appeal, and we DISMISS.[3]

**FACTS**

To gain a better understanding of the orders on appeal, a brief history is necessary. Szanto filed a chapter 11 bankruptcy case in 2016. Following his failure to disclose various financial accounts, and his multiple, unauthorized postpetition transfers of funds, Szanto's case was converted to chapter 7 ("Conversion Order"). Ultimately, Szanto was denied a chapter 7 discharge. He appealed that decision to the Panel, which affirmed. *See In re Szanto*, BAP No. OR-20-1106-TLB (9th Cir. BAP Apr. 1, 2021).

Although Szanto did not timely appeal the Conversion Order, he moved to vacate it under Civil Rule 60(b) and Rule 9024, just under one year

---

Procedure.

[2] As a recent Panel noted, Szanto is not an ordinary pro se debtor. He is highly educated with an MBA and law degree; he has filed at least three bankruptcy cases in three different states; and he is a serial litigant and party to at least fifteen court cases nationwide. He is also subject to a vexatious litigant pre-filing review order in the Ninth Circuit Court of Appeals. *See In re Szanto*, No. 17-80195, Doc. 6 (9th Cir. Nov. 24, 2017).

[3] We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy court, where appropriate. *See Atwood v. Chase Manhattan Mortg. Co. (In re*

2

after it was entered. In part, Szanto contended that he was "surprised" by certain documents that were offered against him by the United States Trustee at the evidentiary hearing on the motion to convert. Szanto also stated that he was "intimidated" and "terrorized" at the hearing because he could see the U.S. Marshall's gun and believed he would be shot if he spoke out against the "filthy lies" that were being said about him.

The bankruptcy court denied Szanto's motion to vacate the Conversion Order, which he unsuccessfully appealed to the district court. The district court noted that Szanto had made the same unfounded, hyperbolic proclamations before it as he did before the bankruptcy court: that opposing counsel and the bankruptcy judge wanted him "dead or dying, to no longer be alive, or to be shot dead."

The day after Szanto's discharge was denied, the bankruptcy court held a hearing at which both Szanto and Trustee appeared. During the hearing, the bankruptcy court asked Trustee to file a Status Report, to include figures for known administrative expenses and claims and a proposed estimated distribution to creditors. The court stated that the Status Report would be for "informational purposes only," that it was "not a motion to approve anything," and that no objections should be filed because it was "simply a piece of information" and not something that the court "intend[ed] to take action on." Oral Ruling at 11:32-11:52 (Apr. 1, 2020).

---

*Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

Trustee filed the Status Report. Disregarding the court's instruction, Szanto filed a "correspondence objection" disputing, among other things, the proposed estimated distribution to creditors. Szanto maintained that he filed the correspondence objection to avoid any ruling from the court that he had waived or forfeited his rights.

The bankruptcy court entered an order on Szanto's correspondence objection to the Status Report ("Status Report Order"), which stated:

> Because the Court will not take action on the [Status] Report, has informed Debtor on numerous occasions that it does not take action on correspondence, and told Debtor at the April 1 hearing that it did not expect or welcome any response to the [Status] Report,
>
> IT IS HEREBY ORDERED that the Court will take no action on the objections raised in the [correspondence objection].

Status Report Order 1-2.

Szanto timely filed a motion for relief from the Status Report Order under Civil Rule 60(b)(1) and Rule 9024. He argued that the bankruptcy court's "ex-parte" request that Trustee file the Status Report without service on him was improper and intended to deprive him of an opportunity to object. Szanto accused the bankruptcy judge of trying to "fool, bamboozle, crucify and trick" him out of his rights by telling him not to file an objection to the Status Report, when in fact the judge would use Trustee's statements to expropriate Szanto's money and property.

The bankruptcy court denied Szanto's motion for relief from the Status Report Order, finding that he did not establish grounds for relief. Szanto timely appealed.[4]

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We discuss our jurisdiction below.

## ISSUE

Does Szanto have standing to challenge the orders on appeal?

## STANDARD OF REVIEW

"While standing to appeal is generally a legal issue reviewed de novo, whether an appellant is a 'person aggrieved' by the order appealed is a question of fact we review in the first instance." *Landress v. Cambridge Land Co. II, LLC (In re Cambridge Land Co. II, LLC)*, 626 B.R. 319, 323 (9th Cir. BAP 2021), *appeal docketed*, No. 21-60028 (9th Cir. Apr. 16, 2021) (citing *Palmdale Hills Prop., LLC v. Lehman Com. Paper, Inc. (In re Palmdale Hills Prop., LLC)*, 654 F.3d 868, 873 (9th Cir. 2011)).

## DISCUSSION

We begin by noting that the scope of this appeal is limited solely to the

---

[4] The bankruptcy court could have deemed the motion for relief as one under Civil Rule 59 and Rule 9023, because it was filed within 14 days of the Status Report Order. In any case, Szanto's notice of appeal included only the Civil Rule 60(b) order. However, because the tolling motion was timely filed, Szanto's timely appeal from the Civil Rule 60(b) order brings up for review the underlying Status Report Order. *See Barger v. Hayes Cnty. Non-Stock Co-op (In re Barger)*, 219 B.R. 238, 245 (8th Cir. BAP 1998).

Status Report Order and the order denying relief under Civil Rule 60(b). Any other issues Szanto wishes to litigate (or re-litigate) are not before us.

As the appellant, Szanto has the burden to establish standing. *In re Cambridge Land Co. II, LLC*, 626 B.R. at 323. Trustee argues that Szanto lacks appellate standing because he is not a "person aggrieved" by the orders he has appealed. We agree.

One aspect of the prudential standing doctrine is bankruptcy appellate standing, which requires an appellant to show that it is a "person aggrieved" who was "directly and adversely affected pecuniarily" by the bankruptcy court's decision. *In re Palmdale Hills Prop., LLC*, 654 F.3d at 874; *Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 442-43 (9th Cir. 1983). "A 'person aggrieved' is someone whose interest is directly affected by the bankruptcy court's order, either by a diminution in property, an increase in the burdens on the property, or some other detrimental effect on the rights of ownership inherent in the property." *In re Cambridge Land Co. II, LLC*, 626 B.R. at 323 (citing *In re Fondiller*, 707 F.2d at 442-43).

In directing Trustee to file the Status Report to provide an update on Szanto's case, the court was clear that it would be used for informational purposes only, that it was nothing the court would take action on, and therefore Szanto did not need to respond. After Trustee filed the Status Report, Szanto filed his "correspondence objection" despite the court's instruction not to do so. In the Status Report Order, the court stated that it

was not taking any action on Szanto's objections, as opposed to striking the improper correspondence filing or overruling the objections.

Given the bankruptcy court's inaction not only as to the Status Report but also as to the Status Report Order, Szanto has not shown that he has standing in this appeal. The Status Report Order did not diminish Szanto's property, increase his burdens, or detrimentally affect his rights. Szanto even conceded at oral argument that the Status Report Order did nothing to harm him and that he considered it a victory. Likewise, the Civil Rule 60(b) order, which denied relief from the do-nothing Status Report Order, did not harm Szanto. Put simply, Szanto is not a "person aggrieved" by the orders on appeal. In fact, no one is. Trustee acknowledges that she will have to obtain a court order, after notice and a hearing, before she can distribute estate assets.

Szanto does not even meet the minimal threshold of constitutional standing for either order on appeal, which requires (1) an injury in fact, (2) a causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision. *In re Sisk*, 962 F.3d 1133, 1141 (9th Cir. 2020). Szanto has suffered no injury by the Status Report or the bankruptcy court's inaction in the Status Report Order, and a reversal from this Panel would do nothing to relieve Szanto from an injury that does not exist. Federal courts may only decide real cases or controversies. *Barrows v. Jackson*, 346 U.S. 249, 255 (1953). There is no case or controversy here.

## CONCLUSION

We lack jurisdiction over appeals when the appellant lacks standing. *In re Cambridge Land Co. II, LLC*, 626 B.R. at 323 (citing *Paine v. Dickey (In re Paine)*, 250 B.R. 99, 104 (9th Cir. BAP 2000)). Because Szanto lacks standing to appeal the Status Report Order and the order denying relief under Civil Rule 60(b), we must DISMISS the appeals.