In re Omar A. TVETEN, Debtor.

NORWEST BANK NEBRASKA, N.A., Business Development Corporation of Nebraska and Harold J. Panuska, et al., Plaintiffs/Appellees,

v.

Omar A. TVETEN, Defendant/Appellant.

Bankruptcy No. 4–86–30.
Civ. No. 4–87–357.

United States District Court,
D. Minnesota,
Fourth Division.

July 10, 1987.

Gordon B. Conn, Jr., and Clark T. Whitmore, Faegre & Benson, Minneapolis, Minn., for plaintiffs/appellees.

Cass S. Weil, Peterson, Franke & Riach, P.A., St. Paul, Minn., for defendant/appellant.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Defendant Omar A. Tveten appeals from the bankruptcy court's decision dated February 27, 1987 [1] which found that Tveten acted with actual intent to defraud, delay, and hinder creditors when he converted nonexempt property into approximately $700,000 worth of exempt property prior to his Chapter 11 filing. On this basis, the bankruptcy court determined that Tveten would be denied a discharge under 11 U.S.C. § 727(a)(2)(A) if the case were under Chapter 7.[2] Tveten asserts that there are insufficient facts to support the bankruptcy court's finding as to his intent and that the bankruptcy court drew factual inferences based upon a misunderstanding of the relevant law. Plaintiffs are unsecured creditors of Tveten and urge the court to affirm the bankruptcy court's decision.

As a result of mounting financial difficulties, Tveten commenced a Chapter 11 proceeding on January 7, 1986. He listed over $18,000,000 in liabilities and claimed approximately $700,000 in exempt property.

---

1. The Honorable Robert J. Kressel, presiding. 70 B.R. 529 (Bankr.D.Minn.1987).

2. This determination is one of the factors used in deciding whether a Chapter 11 debtor is entitled to discharge under 11 U.S.C. § 1141(d)(3). *See infra.*

It is undisputed that in the five months prior to his filing Tveten engaged in 17 transactions in which he liquidated non-exempt assets and invested the proceeds in annuities and life insurance contracts issued by Lutheran Brotherhood, Inc., a fraternal benefit society. Tveten claimed that the annuities and life insurance contracts were exempt under Minnesota law.[3] On March 25, 1986, plaintiffs commenced this adversary proceeding to oppose Tveten's discharge.

■ After a trial held on January 9, 1987, the bankruptcy court found that Tveten "had actual intent to defraud creditors, as well as, actual intent to hinder and delay creditors." 70 B.R. at 532–33. The bankruptcy court noted that "[m]ere conversion of nonexempt property to exempt property just before bankruptcy is not enough to deny discharge," but found that extrinsic evidence as to intent to defraud, hinder and delay creditors existed. *Id.* at 534. This appeal followed.[4]

■ Tveten filed for bankruptcy under Chapter 11. The confirmation of a plan under Chapter 11 ordinarily discharges the debtor from any debt that arose prior to confirmation. 11 U.S.C. § 1141(d)(1)(A). An exception to the general rule exists, however.

The confirmation of a plan does not discharge a debtor

if—

    (A) the plan provides for the liquidation of all or substantially all of the property of the estate;

    (B) the debtor does not engage in business after consummation of the plan; and

    (C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

11 U.S.C. § 1141(d)(3). Subsection (C) requires the bankruptcy court to consider the standard for discharge under Chapter 7. 11 U.S.C. § 727(a) provides:

The court shall grant the debtor a discharge, unless—

  .    .    .    .    .

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

    (A) property of the debtor, within one year before the date of the filing of the petition. . . .

Pursuant to this standard, the bankruptcy court found that Tveten acted with intent to hinder, delay and defraud creditors in converting his property.

In reviewing the bankruptcy court's findings of fact, this court applies a "clearly erroneous" standard: "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Bankr.R. 8013. "The question of whether a debtor has the requisite intent [to defraud creditors] is a question of fact. . . ."

3. On March 27, 1987, the Minnesota Supreme Court responded to four questions certified by the bankruptcy court concerning Tveten's claimed exemptions under Minnesota law. *In Re Tveten*, 402 N.W.2d 551 (Minn.1987). The Minnesota Supreme Court held that annuities and life insurance contracts issued by a fraternal benefit society are exempt under Minn.Stat. §§ 550.37, subd. 11 and 64B.18, but that these statutory provisions violate the Minnesota Constitution. As a result, Tveten will no longer be permitted to claim these exemptions.

The trial before the bankruptcy court was conducted after the questions were certified but before the Minnesota Supreme Court had responded. The bankruptcy court noted that the Minnesota Supreme Court's response would not affect its factual determination as to Tveten's intent. 70 B.R. at 532 n. 4.

4. After this appeal had been argued, the court became aware, through a communication from the bankruptcy court, that a motion for leave to appeal had been filed in that court. That motion was never docketed in this court, however. At no point did appellees object to the consideration of this appeal. Because the appeal has now been briefed, argued, and considered, the motion for leave to appeal is moot, and the court considers the appeal on its merits.

*Ford v. Poston,* 773 F.2d 52, 55 (4th Cir. 1985). After carefully considering the written submissions and the arguments of counsel, the court determines that the bankruptcy court's finding as to Tveten's intent is not clearly erroneous. It should therefore be affirmed.

Accordingly, based upon the above and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that the bankruptcy court's order dated February 27, 1987 is affirmed.