In re Omar A. TVETEN, Debtor.

NORWEST BANK NEBRASKA, N.A., Business Development Corporation of Nebraska and Harold J. Panuska, as Trustee for the Harold J. Panuska Profit Sharing Trust and the Harold J. Panuska Employee Trust Fund, Plaintiffs,

v.

Omar A. TVETEN, Defendant.

Bankruptcy No. 4–86–30.
Adv. No. 4–86–71.

United States Bankruptcy Court, D. Minnesota.

March 14, 1989.

Gordon B. Conn, Jr., Faegre & Benson, Minneapolis, Minn., for plaintiffs/petitioners.

Molly Shields, Peterson, Franke & Riach, Minneapolis, Minn., for defendant/respondent.

## MEMORANDUM ORDER OVERRULING OBJECTION TO DISCHARGE

ROBERT J. KRESSEL, Chief Judge.

This proceeding is before the court for trial based on stipulated facts. Based on the file, factual matters previously determined, and the stipulated facts, I make this memorandum order.

On January 7, 1986, Omar A. Tveten filed a petition under chapter 11. On April 25, 1986, the plaintiffs filed this adversary proceeding seeking to have the defendant's discharge denied or in the alternative, to have his debts to the plaintiffs determined to be nondischargeable.

A trial on the objection to discharge only was held on January 9, 1987. In an order entered on February 27th, I determined that the defendant would be denied a discharge if this were a case under chapter 7. *Norwest Bank Nebraska, N.A. v. Tveten (In re Tveten),* 70 B.R. 529 (Bkrtcy.D.Minn. 1987). However, discharge in a chapter 11 case is governed by § 1141(d), part of which provides:

> The confirmation of a plan does not discharge a debtor if—
>
>> (A) the plan provides for the liquidation of all or substantially all of the property of the estate;
>>
>> (B) the debtor does not engage in business after consummation of the plan; and
>>
>> (C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

11 U.S.C. § 1141(d)(3). Since the debtor had not filed a plan, it was impossible to determine at that point whether or not the debtor should actually be denied a discharge. In my order I specifically noted that "final judgment on the objection to discharge will have to wait until a plan is filed." 70 B.R. 535. Since my order was not a final order, the defendant filed a notice of appeal and a motion for leave to appeal. By order entered July 10, 1987, the district court granted the motion for leave to appeal and affirmed. *Norwest Bank Nebraska, N.A. v. Tveten (In re Tveten),* 82 B.R. 95 (D.Minn.1987).

The defendant again appealed and by an order filed June 2, 1988, the Eighth Circuit Court of Appeals again affirmed. *Norwest Bank Nebraska, N.A. v. Tveten,* 848 F.2d 871 (8th Cir.1988). Reconsideration and rehearing *en banc* were denied on August 9, 1988.

By the time this proceeding reached the Eighth Circuit, the court had lost sight of the fact that the original order appealed from was interlocutory in nature and had not finally determined the debtor's discharge.

In the meantime, the parties had settled that portion of the complaint asking that the plaintiffs' debt be determined to be nondischargeable and by an order dated February 4, 1988, I dismissed the plaintiffs' complaint to determine the dischargeability of their debts.

On September 12, 1988, the debtor finally filed a plan and by order dated February 2, 1989, the debtor's plan was confirmed. The plan did not provide for liquidation of all or substantially all of the property of the estate and the debtor continues to engage in business after consummation of the plan. After confirmation of the debtor's plan, this proceeding was again set for trial to finally determine whether confirmation of the plan discharged the debtor.

Although the plaintiffs proved in the earlier trial that the debtor would be denied a discharge under § 727(a) if this case were a case under chapter 7, they have failed to prove the other requirements of denial of a discharge under § 1141(d)(3). Thus, notwithstanding the enormous amount of effort that was put into this proceeding and the attendant cost, the defendant is entitled to his discharge.

THEREFORE, IT IS ORDERED: The plaintiffs' objection to the defendant's discharge is overruled.

LET JUDGMENT BE ENTERED ACCORDINGLY.