UNITED STATES BANKRUPTCY APPELLATE PANEL
FOR THE EIGHTH CIRCUIT

No. 97-6051

In re:    JUDITH ANN WEBB           *
                                    *
                                    *
               Debtor.              *
                                    *
HELEN C. BERGMAN                    *         APPEAL FROM THE UNITED
                                    *         STATES BANKRUPTCY
               Appellee             *         COURT FOR THE
                                    *         DISTRICT OF NEBRASKA
v.                                  *
                                    *
JUDITH ANN WEBB                     *
                                    *
               Appellant            *

Submitted: August 20, 1997
Filed: September 23 1997

Before HILL, DREHER, and SCOTT, Bankruptcy Judges

SCOTT, Bankruptcy Judge

     The pro se debtor appeals from a judgment denying her discharge
for failure to explain a loss of assets.  11 U.S.C. § 727(a)(5).  A
review of the record reveals that the findings of the bankruptcy court
are not clearly erroneous such that the judgment will be affirmed.

     After her father's death, the debtor received, in 1991 and 1992,
over $116,500 from his estate and insurance proceeds.  In 1993, the
debtor obtained a loan in the amount of $55,000, of

which she received over $5,000 in cash.  The remainder of the loan proceeds were paid directly to her creditors.  Although she initially received this large amount of money from her father's estate, her father's wife (not the debtor's mother), Helen Bergman, the appellant, successfully contested the distribution.  On May 25, 1995, the probate court ordered debtor to pay $37,700 of the funds she had received to Helen Bergman.  The debtor filed her bankruptcy case on May 22, 1995, three days prior to entry of judgment by the state court.

Although initially represented by counsel, the debtor was <u>pro se</u> at trial.  In view of her <u>pro se</u> status, the bankruptcy court permitted her to submit a new pretrial statement, and, after trial, permitted her to supplement the record with particular documents.  The bankruptcy court denied the debtor's discharge, finding her statements regarding her loss of assets so generalized and vague as to render her testimony unbelievable.  The debtor appeals this judgment, pointing to no specific error in the trial court's findings, but, rather, asserts that the bankruptcy court should have advised her what other documents she was required to produce in order to defend the section 727(a) action.

It is well-settled that <u>pro se</u> litigants are not excused from complying with substantive and procedural law.  <u>American Inmate Paralegal Association v. Cline</u>, 859 F.2d 59, 61 (8th Cir. 1988), <u>cert. denied</u>, 488 U.S. 996 (1988); <u>Burgs v. Sissel</u>, 745 F.2d 526 (8ᵗʰ Cir. 1984); <u>McCaslin v. Radcliff</u>, 168 F.R.D. 249,

255 (D. Neb. 1996). While it is true that a court must construe pro se pleadings liberally, Ouzts v. Cummins, 825 F.2d 1276, 1277 (8th Cir. 1987), the court may not act as counsel for either litigant, Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984); Schooley v. Kennedy, 712 F.2d 372, 373 (8th Cir. 1983). Accordingly, while the trial court properly requested specific documentation and permitted the debtor to submit additional documents, it was neither the trial court's duty nor province to conduct the debtor's discovery, aid in preparation for trial, or determine what documentary evidence should be offered at trial.

The Panel has reviewed the scant record on appeal submitted by the debtor, as well as the bankruptcy court file. It does not appear to the Court from the file, the debtor's record, or the debtor's brief that error was made by the trial court. The record reveals that the debtor received over $100,000 in cash from her father's estate and that she received a loan which paid creditors and cash to her. Despite this receipt of wealth, she could account for only $66,800 of the funds. Her explanations were described by the trial court as so vague and generalized that it could place no reliance on her credibility. Indeed, the bankruptcy court, as trier of fact, expressly did not believe her. It is not for this Panel to make credibility findings of witnesses whose testimony only the trial court viewed. See Fed. R. Bankr. Proc. 8013; Miller v. Kasden (In re Kasden), 209 B.R. 239, 241 (BAP 8th Cir. 1997); Norwest Bank Nebraska, N.A. v. Tveten (In re Tveten), 82 B.R. 95 (D. Minn. 1987), aff'd, 848

3

F.2d 871 (8th Cir. 1988); <u>Brenton National Bank of Perry v. Kistler</u> (<u>In re Kistler</u>), 46 B.R. 739 (S.D. Iowa 1985).

The debtor has made no showing of any factual error by the bankruptcy court.[1]  Moreover, it was not error for the bankruptcy court, either during or after trial, to advise the debtor what evidence she must offer in order to prosecute her defense.  No error appearing from the record, the judgment of the bankruptcy court is affirmed.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT

---

[1]The Panel does not have before it a transcript of the proceedings below.  Inasmuch as it is the appellant's burden to demonstrate the merits of her appeal, she must bear the burden of the deficient record.  <u>See generally</u> Fed. R. Bankr. Proc. 8006; <u>Zander v. Lutheran Brotherhood of Minneapolis</u>, 137 F.2d 17, 21 (8th Cir. 1943); <u>Sublette v. Servel, Inc.</u>, 124 F.2d 516, 517 (8th Cir. 1942).  The record before the Court provides no inference that the bankruptcy court committed any error.