# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

―――――

No.00-6062EM

―――――

|  |  |  |
|---|---|---|
| In re: | * | |
| | * | |
| Janet E. McCormick, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Janet E. McCormick, | * | |
| | * | |
| Plaintiff/Appellant, | * | Appeal from the United States |
| | * | Bankruptcy Court for the Eastern |
| v. | * | District of Missouri |
| | * | |
| Diversified Collection Services, Inc., | * | |
| Claim of: United States Department | * | |
| of Education,[1] | * | |
| | * | |
| Defendant/Appellee, | * | |

―――――

Submitted: February 5, 2001
Filed: March 23, 2001   (Corrected April 5, 2001)

―――――

Before KOGER, Chief Judge, KRESSEL and SCOTT, Bankruptcy Judges.

―――――

KRESSEL, Bankruptcy Judge.

―――――――――――――――――――

[1] The true creditor and appropriate defendant here is the United States Department of Education.  The plaintiff probably sued Diversified Collection Services because it was servicing the loan, but it is the United States which has appeared and defended this adversary proceeding and the ensuing appeal.

The plaintiff and debtor, Janet E. McCormick, appeals from the judgment of the bankruptcy court[2] in which the bankruptcy court determined that McCormick's debt to the United States was excepted from her discharge and entered judgment in favor of the United States and against McCormick in the amount of the outstanding debt. We affirm.

## BACKGROUND

McCormick filed a petition under chapter 7 of the Bankruptcy Code on December 2, 1998. The case was closed on March 22, 1999, but on request of McCormick, the case was reopened on February 11, 2000. On February 14, 2000, McCormick filed an adversary proceeding asking that her student loans owed to the United States Department of Education be determined to be discharged by reason of 11 U.S.C. § 523(a)(8). After trial, the bankruptcy court found that McCormick had not demonstrated that failure to discharge her student loans would have been an undue hardship and entered a judgment in favor of the Department of Education in the amount of $6,070.37. McCormick filed a timely appeal.

## DISCUSSION

The dischargeability of student loans is governed by 11 U.S.C. § 523(a)(8) which provides:

> A discharge under section 727 . . . does not discharge an individual debtor from any debt –
>
> . . .
>
> (8)     for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this
> paragraph will impose an undue hardship on the debtor and the debtor's dependents.

11 U.S.C. § 523(a)(8).

---

[2] The Honorable Barry S. Schermer, United States Bankruptcy Judge for the Eastern District of Missouri.

Earlier versions of § 523(a)(8) had provided for the discharge of student loans if a certain time had elapsed. The last version of such provision provided for the discharge of student loans that first became due more than seven years before the date of the filing of the petition. *Johnson v. Missouri Baptist College*, 218 B.R. 449, 454 (B.A.P. 8th Cir. 1998). However, as part of the Higher Education Amendments of 1998, Public Law No. 105-244, 112-1581, § 523(a)(8) was amended by deleting subparagraph (a) which provided for the discharge of student loans based on their age. Those amendments were effective for cases filed on or after October 7, 1998, the effective date of the act. Unfortunately for McCormick, she filed her case two months later and thus this exception to discharge of her student loans is unavailable to her.

Thus, to have her student loan debt excepted from her discharge, she must demonstrate that failure to discharge them would result in an undue hardship for her and her dependents. Such a determination is made based on the totality of the circumstances with a particular analysis of (1) the debtor's past, present, and reasonably reliable future financial resources; (2) calculation of the debtor's and her dependants' reasonable, necessary living expenses; and (3) any other relevant facts and circumstances surrounding a particular case. *Andrews v. South Dakota Student Loan Assistance Corp. (In re Andrews)*, 661 F.2d 702, 704 (8th Cir. 1981), *Andresen v. Nebraska Student Loan Program, Inc. (In re Andresen)*, 232 B.R. 127, 139 (B.A.P. 8th Cir. 1999). McCormick bears the burden, both in terms of production of evidence and of persuasion, of proving undue hardship by a preponderance of the evidence. We can reverse a bankruptcy court's finding on this issue only if it is clearly erroneous. *Andresen*, 232 B.R. at 128, *Cline v. Illinois Student Loan Assistance Assoc.*, 248 B.R. 347, 348 (B.A.P. 8th Cir. 2000).

Our review of the bankruptcy court's finding in this regard is severely hamstrung by McCormick's failure to provide us with a transcript of the trial. In the absence of such a transcript, we are in no position to review the evidence to determine whether or not the bankruptcy court was clearly erroneous in its determination. Thus, we have no alternative but to conclude that the bankruptcy court's findings of fact were not clearly erroneous. *Rush v. Rush (In re Rush),* 237 B.R. 473, 475-76 (B.A.P. 8th Cir. 1999). *Webb v. Webb (In re Webb)*, 212 B.R. 320, 322, n.1 (B.A.P. 8th Cir. 1997).

To the extent that McCormick has presented us with evidence that was not submitted to the bankruptcy court, we do not consider it. *Wendover Fin. Servs. v. Hervey (In re Hervey)*, 252 B.R. 763 (B.A.P. 8th Cir. 2000).

McCormick also complains that when her case was first called for trial, the defendant's attorney was not present and the court took up other matters and waited for the attorney to appear. Waiting a short time for the Assistant United States Attorney to appear certainly was not an abuse of discretion on the part of the bankruptcy court and, in any case, we cannot see how it would have changed the outcome of the trial. Other arguments made by McCormick regarding Sanford-Brown Business College's decision to admit her are irrelevant to the inquiry at hand.

CONCLUSION

Because McCormick failed to provide us with a transcript of the trial, we affirm the bankruptcy court's finding that failure to discharge her student loan debt would not constitute an undue hardship on her and her dependants. We therefore affirm the judgment of the bankruptcy court.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL, EIGHTH CIRCUIT.

4