# United States Bankruptcy Appellate Panel
### FOR THE EIGHTH CIRCUIT

_____

No. 00-6118 EM

_____

| | |
|---|---|
| In re: Beverly Ann Svoboda, | * |
| | * |
| Debtor. | * |
| | * |
| _____ | * |
| | * |
| Beverly Ann Svoboda, | * |
| | * Appeal from the United States |
| Plaintiff-Appellant, | * Bankruptcy Court for the |
| | * Eastern District of Missouri |
| v. | * |
| | * |
| Educational Credit Management | * |
| Corporation, | * |
| | * |
| Defendant-Appellee. | * |

_____

Submitted: June 5, 2001
Filed: July 6, 2001

_____

Before KRESSEL, WILLIAM A. HILL, and O'BRIEN,[1] Bankruptcy Judges.

_____

WILLIAM A. HILL, Bankruptcy Judge.

---

[1]The Honorable Dennis D. O'Brien, United States Bankruptcy Judge for the District of Minnesota, sitting by designation.

Debtor Beverly Ann Svoboda appeals from the bankruptcy court's[2] determination that her student loan obligation is nondischargeable under 11 U.S.C. § 523(a)(8). We have jurisdiction over this appeal from the final judgment of the bankruptcy court. See 28 U.S.C. § 158(b). For the reasons set forth below, we affirm the bankruptcy court's judgment that the student loan obligation at issue is nondischargeable.

BACKGROUND

Beverly Svoboda, the debtor, is 38 years old and in good health. Her divorce from her husband will soon be finalized. She has one dependent–a son who is three years old and also in good health. Svoboda attended Southeast Missouri State University, earning a bachelor's degree in elementary education with a certification for teaching children with learning disabilities. Her post secondary education was financed with student loans. On August 23, 1995, Svoboda consolidated her student loans by executing a promissory note in favor of Sallie Mae in the principal amount of $18,995.07 with annual interest fixed at eight percent. She is eligible for a repayment plan that requires approximate monthly payments in the amount of $168.89 over a fifteen year term. Sallie Mae assigned the promissory note to Educational Credit Management Corporation ("ECMC"). As of October 26, 2000, the outstanding balance owed to ECMC on the note was $17,409.29.

Svoboda filed a chapter 7 bankruptcy petition on April 17, 2000. In her schedules, she disclosed total monthly income in the amount of $1,379.28 and total monthly expenses in the amount of $1,608.87. Svoboda subsequently filed a complaint to determine the dischargeability of her student loan obligation, and a trial of the matter was conducted on October 30, 2000. The evidence at trial established that Svoboda is employed as an elementary school teacher working with children who have learning disabilities. Her gross annual salary at the time of trial was approximately $27,730.00 subject to regular annual raises of approximately $846.00. Svoboda's net monthly income was $1,450.42. Moreover, she received additional monthly income as follows: (1) $400.00 in child support payments from her estranged husband, (2) approximately $200.00 from her state and federal income tax refunds, (3) $50.00 in state aid from the WIC program for qualified women with dependent children, and (4) approximately $126.00 for teaching summer school.

---

[2]The Honorable Barry S. Schermer, United States Bankruptcy Court for the Eastern District of Missouri.

The evidence at trial also established that Svoboda makes the following monthly expenditures: $388.00 for housing, $135.00 for electricity, $75.00 for telephone, $250.00 for her son's daycare, $217.00 for her car payment, $40.00 for auto insurance, $180.00 for car maintenance and gasoline, $400.00 for food, $75.00 for baby supplies, $80.00 for clothes, $40.00 for recreation, and $80.00 for miscellaneous expenses.

In order to maintain her employment as a teacher of students with learning disabilities, Svoboda is required to obtain a masters degree within the next four years. Svoboda testified that she would obtain her masters degree within about three and a half years and that she would budget approximately $250.00 per month to cover her educational expenses during that period. However, the evidence at trial also established that Svoboda could defer payment of her student loan obligation while she was studying for her masters degree and that she was eligible to obtain further student loans to cover her educational expenses. Significantly, in addition to the federal student loans Svoboda is eligible to receive, the State of Missouri offers forgivable loans or subsidies to teachers getting their masters degrees in fields where there is a critical teacher shortage. Teaching students with learning disabilities is a field where Missouri has a critical teacher shortage. Upon obtaining her masters degree, Svoboda would receive an immediate salary increase of approximately $3,000.00 per year.

At the conclusion of the trial, the bankruptcy court found that Svoboda's monthly income was approximately $2,226.42, that Svoboda's monthly expenses were approximately $1,960.00, and that repayment of the student loan obligation at issue would not create an undue hardship for Svoboda. In finding a lack of undue hardship, the bankruptcy court expressly considered the following factors: (1) that Svoboda would not be able to teach summer school while studying for her masters degree, (2) that Svoboda would receive an immediate salary increase of approximately $3,000.00 per year upon obtaining her masters degree, (3) that Svoboda's estranged husband might fail to make the required support payments, (4) that Svoboda had made her student loan payments during the period after her separation from her husband but before he started making support payments, (5) that the divorce court may order Svoboda's ex-husband to reimburse Svoboda for some or all of the attorney fees she incurred in the divorce action, (6) that Svoboda's son would reach school age within a few years, reducing or eliminating Svoboda's monthly daycare expense, and (7) that Svoboda might remarry. Accordingly, in its judgment dated November 15, 2000, the bankruptcy court declared the student loan obligation at issue to be nondischargeable under 11 U.S.C. § 523(a)(8).

3

On November 20, Svoboda filed a motion to "set aside" the bankruptcy court's November 15, 2000, judgment on the grounds that she had not received the $400.00 support payment from her husband that should have been paid on November 1, 2000. On December 5, 2000, the bankruptcy court denied Svoboda's motion, and the instant appeal followed. Svoboda appeals from the bankruptcy court's judgment of November 15, 2000, and from the bankruptcy court's denial of her motion to set aside said judgment, asserting that the bankruptcy court clearly erred in finding no undue hardship. ECMC contends that the bankruptcy court's finding on the issue of undue hardship was not clearly erroneous; that the bankruptcy court's judgment of November 15, 2000, should be affirmed; and that the denial of Svoboda's motion to set aside the November 15, 2000, judgment was proper.

## STANDARD OF REVIEW

On appeal, we review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. Fed. R. Bankr. P. 8013; Hatcher v. U. S. Trustee (In re Hatcher), 218 B.R. 441, 445 (B.A.P. 8th Cir. 1998) (citations omitted); Gourley v. Usery (In re Usery), 123 F.3d 1089, 1093 (8th Cir. 1997); O'Neal v. Southwest Mo. Bank (In re Broadview Lumber Co.), 118 F.3d 1246, 1250 (8th Cir. 1997). A determination of undue hardship within the meaning of 11 U.S.C. § 523(a)(8) is a factual determination which may be reversed only for clear error. Andresen v. Nebraska Student Loan Program, Inc. (In re Andresen), 232 B.R. 127, 128 (B.A.P. 8th Cir. 1999). A finding is clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake has been committed. Universal Bank, N.A. v. Grause (In re Grause), 245 B.R. 95, 98 (B.A.P. 8th Cir. 2000) (citations omitted). If the bankruptcy court's finding is plausible in light of the entire record, it cannot be clearly erroneous even though the reviewing court may have weighed the evidence differently had it been the trier of fact. Id. (citations omitted). "When there are two permissible views of the evidence, we may not hold that the choice made by the trier of fact was clearly erroneous." Id. (citation omitted).

## DISCUSSION
### A. The Judgment of Nondischargeability

A student loan obligation may be discharged in bankruptcy if excepting such loan from discharge would result in an undue hardship on the debtor. 11 U.S.C. § 523(a)(8). The debtor has the burden of proving undue hardship by a preponderance of the evidence. McCormick v. Diversified Collection Services, Inc., (In re McCormick), 259 B.R. 907, 909 (B.A.P. 8th Cir. 2001). The undue hardship test to be employed within the Eighth Circuit is a "totality of the circumstances" test requiring analysis of (1) the debtor's current and future financial resources, (2) the necessary reasonable living expenses for the debtor

4

and the debtor's dependents, and (3) other relevant facts or circumstances unique to the particular case. <u>Andresen</u>, 232 B.R. at 140.

In the case at bar, the totality of the circumstances supports the bankruptcy court's finding that repayment of the student loan obligation at issue would not impose an undue hardship on Svoboda. In making its finding, the bankruptcy court expressly considered the possibility that child support payments might be missed and that Svoboda's income could therefore suffer. Such a possibility negatively impacts Svoboda's present ability to meet her monthly expenses. However, as required by the law of this circuit, the bankruptcy court also examined Svoboda's future prospects, and there is ample evidence that Svoboda's financial situation will improve substantially in the future. Each year, Svoboda receives an increase of $846.00 to her annual salary. Furthermore, when she obtains a masters degree, her annual income will increase by another $3,000.00. By that time, Svoboda's son will be in school, thereby reducing or eliminating daycare expenditures. In addition, her car payments will have ended, her expenditures for baby supplies should cease, and she will once again be able to supplement her income by teaching summer school. The bankruptcy court's finding of no undue hardship is plausible in light of the record as a whole, and we will not supplant the bankruptcy court's view of the evidence with our own. Accordingly, we affirm the bankruptcy court's judgment of November 15, 2000, which determined that the student loan obligation at issue is nondischargeable under 11 U.S.C. § 523(a)(8).

*B. The Motion to "Set Aside" the Judgment of Nondischargeability*

Svoboda also appeals from the bankruptcy court's denial of her motion to "set aside" the November 15, 2000, judgment. The motion failed to specify the procedural rule under which it was advanced. Nevertheless, Svoboda claims that the bankruptcy court should have granted her motion because her husband has failed to pay child support since the conclusion of the trial. Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure incorporate Rules 59 and 60 of the Federal Rules of Civil Procedure. <u>Barger v. Hayes County Non-Stock Co-op (In re Barger)</u>, 219 B.R. 238, 243 (B.A.P. 8th Cir. 1998). "When a moving party fails to specify the rule under which it makes a post-judgment motion, the characterization is left to the court with the risk that the moving party may lose the opportunity to present the merits underlying the motion to an appellate court." <u>Id.</u> at 244. Courts generally view any motion which seeks a substantive change in a judgment as a Rule 59(e) motion if it is made within 10 days after entry of the challenged judgment. <u>Id.</u> Decisions as to Rule 59(e) motions are subject to review under the abuse of discretion standard. <u>Id.</u> at 246.

In this case, we construe Svoboda's post-judgment motion as a Rule 59(e) motion to alter or amend the judgment of November 15, 2000. As previously noted, the possibility that Svoboda might not receive child support payments was expressly considered by the bankruptcy court at trial. Thus, the motion at issue simply rehashed a factor that the bankruptcy court had already taken into account. Clearly, it did not advance an appropriate basis for altering or amending the bankruptcy court's judgment as to dischargeability. Our review of the record reveals no abuse of discretion. Accordingly, we affirm the bankruptcy court's denial of Svoboda's motion to alter or amend the November 15, 2000, judgment.

CONCLUSION

Based on the foregoing, we affirm the bankruptcy court's judgment of November 15, 2000. We likewise affirm the bankruptcy court's denial of Svoboda's motion to alter or amend the aforementioned judgment.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
EIGHTH CIRCUIT.