# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———

No. 02-6018 EM

———

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Robert P. Ciralsky, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| | * | |
| Robert P. Ciralsky, | * | |
| | * | Appeal from the United |
| Debtor - Appellant. | * | States Bankruptcy Court |
| | * | for the Eastern District of |
| v. | * | Missouri |
| | * | |
| John V. LaBarge, Jr., | * | |
| | * | |
| Trustee - Appellee. | * | |

———

Submitted:  July 8, 2002
Filed: August 14, 2002

———

Before KOGER, Chief Judge,  DREHER and FEDERMAN, Bankruptcy Judges.

———

DREHER, Bankruptcy Judge.

This is an appeal from an order of the bankruptcy court[1] denying Appellant's motion to reinstate the bankruptcy case and an order denying Appellant's motion to reconsider. For the reasons stated below, we affirm.

## BACKGROUND

On August 31, 2001, upon motion of the Standing Chapter 13 Trustee, John V. LaBarge, Jr. ("Trustee"), the bankruptcy court issued an order dismissing this bankruptcy case. On September 6, 2001, the Debtor, Robert P. Ciralsky ("Debtor"), filed a motion seeking to have the bankruptcy court reconsider its ruling and reinstate the case.[2] The Trustee objected to Debtor's motion. Subsequently, Debtor requested several continuances which the bankruptcy court granted. The motion was initially set for hearing on December 13, 2001, continued to January 3, 2002, and finally heard on February 7, 2002. Debtor did not appear at the hearing. Susan Foerster ("Foerster"), who is not an attorney, appeared on Debtor's behalf to request yet another continuance. The bankruptcy court denied Foerster's request for a continuance and denied the motion to reconsider and reinstate. Debtor then filed another motion for reconsideration, which the bankruptcy court also denied. Debtor appeals both from the order denying his motion to reinstate the bankruptcy case and from the order denying his motion to reconsider.

## DISCUSSION

A bankruptcy court's decision on a motion to reinstate a case is within the discretion of the bankruptcy court and will be reviewed only for an abuse of discretion. *See* <u>Svoboda v. Educational Credit Mgmt. Corp. (In re Svoboda)</u>, 264

---

[1]The Honorable Barry S. Schermer, United States Bankruptcy Judge for the Eastern District of Missouri.

[2]Ciralsky also filed an amended motion on September 10, 2001.

B.R. 190, 195 (B.A.P. 8th Cir. 2001)(noting that decisions on Rule 59(e) motions are subject to review under the abuse of discretion standard). An abuse of discretion will only be found if the lower court's judgment was based on clearly erroneous factual findings or erroneous legal conclusions. Barger v. Hayes County Non-Stock Co-op., 219 B.R. 238, 243 (*citing* Mathenia v. Delo, 99 F.3d 1476, 1480 (8th Cir.1996)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court, on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (*quoting* Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)). The bankruptcy court gave Debtor ample opportunity to appear and be heard on the issue of whether his case should be reinstated. Debtor presented no evidence to warrant the bankruptcy court's reinstatement of his case and did not advance any appropriate basis for altering or amending the bankruptcy court's judgment. The motion to reinstate simply reiterated factors that the bankruptcy court had already taken into account on the Trustee's motion to dismiss. Our review of the record reveals no abuse of discretion.

Nor did the bankruptcy court err in denying Debtor's motion for reconsideration of the order denying reinstatement. The motion to reconsider was governed by Bankruptcy Rule 9024 which incorporates Federal Rule of Civil Procedure 60. *See* Fed. R. Bankr. P. 9024. Debtor offered no support for altering the bankruptcy court's decision as to reinstatement and the circumstances of his case did not warrant the extraordinary relief provided by Rule 9024. Once again, this motion was nothing more than a re-argument of positions Debtor had taken in earlier motions. *See* Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 515 (8th Cir. 1984); Kieffer v. Riske (In re Kieffer-Mickes, Inc.), 226 B.R. 204, 210 (B.A.P. 8th Cir. 1998).

CONCLUSION

Accordingly, having found no error, we affirm the bankruptcy court's orders denying reinstatement of the bankruptcy case and denying the motion to reconsider.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL
FOR THE EIGHTH CIRCUIT

4