# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3485

_____

| | | |
|---|---|---|
| In re: Robert P. Ciralsky, | * | |
| | * | |
| Debtor, | * | |
| ---------------------------------- | * | |
| Robert P. Ciralsky, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | Bankruptcy Appellate Panel |
| | * | for the Eighth Circuit. |
| John V. LaBarge, Jr., | * | |
| | * | **[UNPUBLISHED]** |
| Appellee. | * | |

_____

Submitted: May 27, 2003
Filed: June 3, 2993     **Corrected 6/30/03**

_____

Before MORRIS S. ARNOLD, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Robert P. Ciralsky (Ciralsky) appeals the Bankruptcy Appellate Panel's (BAP) order affirming the bankruptcy court's[1] denials of Ciralsky's motions for reinstatement of his bankruptcy case and for reconsideration. Ciralsky challenges the

_____

[1]The Honorable Barry S. Schermer, United States Bankruptcy Judge for the Eastern District of Missouri.

bankruptcy court's refusal to reinstate his case, arguing he had not appeared at the confirmation hearing, where the court granted Trustee John LaBarge's motion to dismiss his case, because he reasonably believed the hearing had been postponed. He also argues that the bankruptcy court should have allowed a non-lawyer named Susan Foerster (Foerster) to appear on his behalf when he was ill.

We conclude the bankruptcy court did not abuse its discretion in declining to reinstate the case: although Ciralsky may have been confused about the hearing schedule, he did not appear at the scheduled confirmation hearing and he was admittedly behind on payments at the time the case was dismissed. See In re Svoboda, 264 B.R. 190, 195 (B.A.P. 8th Cir. 2001) (standard of review); 11 U.S.C. § 1307(c) (after notice and hearing, court may dismiss case for cause, including failure to make plan payments); cf. Mullen v. Galati, 843 F.2d 293, 294 (8th Cir. 1988) (per curiam) (holding, where claims were dismissed for party's failure to appear at scheduled hearings, that dismissal with prejudice is severe sanction but may be warranted for persistent failure to prosecute complaint). We also conclude Ciralsky raised no arguments for reconsideration of the bankruptcy court's denial of reinstatement, see In re Svoboda, 264 B.R. at 195 (finding no abuse of discretion where post-judgment motion simply rehashed factor that bankruptcy court had already taken into account), and the court properly ruled that Foerster could not appear on Ciralsky's behalf, see Mo. Rev. Stat. § 484.010 (2000) (defining practice of law); cf. Fed. R. Bankr. P. 9010(a) (who may appear in case and perform acts not constituting practice of law).

Accordingly, we affirm.

A true copy.

Attest:

          CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.