In re Rebecca Gail RATZSCH, Debtor.

Rebecca Gail Ratzsch, Plaintiff,

v.

Student Loan Finance Corporation and U.S. Bank, Defendants.

Bankruptcy No. 03–02852S.
Adversary No. 03–9226S.

United States Bankruptcy Court,
N.D. Iowa,
Western Division.

June 10, 2005.

Craig H. Lane, Sioux City, IA, for Debtor/Plaintiff.

Wil L. Forker, Sioux City, IA, for Defendants.

### MEMORANDUM DECISION

WILLIAM L. EDMONDS, Bankruptcy Judge.

Rebecca Gail Ratzsch[1] asks the court to determine that her student loan obligation to Student Loan Finance Corporation and U.S. Bank is dischargeable under 11 U.S.C. § 523(a)(8). Final trial of this adversary proceeding was held May 25, 2005 in Sioux City. Craig H. Lane appeared as attorney for the plaintiff. Wil L. Forker represented defendant Student Loan Finance Corporation. The parties agree that Student Loan Finance Corporation is the holder of the loans in question and that U.S. Bank is no longer a creditor of Ratzsch.

The court has jurisdiction of this proceeding under 28 U.S.C. §§ 1334(b) and 157(a) and the District Court's order of reference. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

### Findings of Fact

Rebecca Ratzsch is 49 years old, is not married and has no dependents. For 17 years, ending in 1994, she worked in a factory doing piecework. While employed at that work, she developed carpal tunnel syndrome and sustained shoulder and knee

---

1. The plaintiff is now known as Rebecca Ratzsch Spencer. The complaint has not been amended, and the court will refer to her in this decision as Rebecca Ratzsch.

injuries. Some time ago she worked as a paramedic. Ratzsch formerly lived in the Sioux City area. In about early 2003 she moved to Adel.

Ratzsch was determined to be disabled as of April 8, 1993, due to obesity, hypertension and other diagnoses. At that time her height was about five feet, five inches and her weight was about 479 pounds. She was certified in 1997 and again in early 2005 as continuing to be disabled. She has received disability benefit payments since 1993.

In the early 1990s, Ratzsch was counseled at a State of Iowa vocational rehabilitation office. She decided to attend college, hoping to improve her employment opportunities. She enrolled at the University of South Dakota and financed her education with student loans.

In 1999, she obtained a bachelor's degree in counseling. She hoped to become a counselor in the area of alcohol and drug addiction. She did not believe her undergraduate degree would qualify her for a well-paying job; she decided to pursue a master's degree in counseling.

In 2001, Ratzsch became seriously ill. On June 3, 2001, she was placed in a nursing home to receive 24–hour care. While residing there she did some school work through correspondence courses. Although she continued to have medical problems, Ratzsch left the nursing home in early April 2002. She felt she had no freedom at the facility.

Ratzsch did not continue in the master's degree program. She received the following loans over the course of her education:

| Date | Amount of Note |
| --- | --- |
| June 8, 1994 | 625 |
| August 2, 1994 | 6,337 |
| September 7, 1995 | 7,500 |
| August 2, 1996 | 7,141 |
| August 16, 1997 | 10,500 |
| June 4, 1998 | 2,250 |
| July 26, 1998 | 7,120 |
| May 21, 1999 | 3,266 |
| August 24, 1999 | 1,200 |

Ratzsch executed a "Master Promissory Note" on August 6, 1999. The effect of the master note is not clear. The notes have not been consolidated. Ratzsch has made no payments on any of the loans. The total amount Ratzsch owes Student Loan Finance Corporation is approximately $82,446.20.

Since leaving the nursing home, Ratzsch has looked for employment. She has been to the State of Iowa's job placement office several times. She made inquiry by telephone with the State of Iowa regarding a counseling position and learned she did not meet the requirements for that particular job. She has applied for jobs washing dishes and answering phones. She has not been offered work. The last time she applied for a job was six months ago. She no longer believes she has a reasonable prospect of being employed.

Her current income is $877 per month from a disability benefit. She also receives $5 per month for cleaning a person's home once a month. She has done the cleaning work off and on for about two years. Ratzsch estimates she has the following monthly expenses:

| | |
| --- | --- |
| rent | 189 |
| utilities | 80 |
| cell phone | 79 |
| food | 250 |
| transportation | 78 |
| clothing | 50 |
| miscellaneous | 50 |

Ratzsch lives in a one-bedroom subsidized apartment. She carries a cell phone to be able to get help in case of medical emergency. She does not have a land-line telephone. Recently the State of Iowa has been paying her health insurance premiums for Medicare coverage. Without this subsidy, the $78 monthly premium would be deducted from her disability benefit check. She does not have cable television

or internet access. She does not own a car. She has an arrangement with a friend to borrow a car, and she pays for gas. She travels from Adel to her doctor in Akron at a minimum of once every three months. Lately she has been seeing her doctor every month.

The records of her doctor, Cynthia Wolff, M.D., document a history of morbid obesity, a severe eating disorder, congestive heart failure, depression, hypertension, diabetes, respiratory problems, degenerative arthritis in her knee, and edema. It appears that she has had gastric bypass surgery in the past, and that she is not now a candidate for surgery. See Exhibit 1 (notes for Dec. 18, 2002).

Ratzsch has several ongoing medical problems. She has an eating disorder. She estimates her current weight is more than 600 pounds. Ratzsch is confined to a wheelchair. She continues to have problems with her left knee and left shoulder. She can walk only about six feet before becoming short of breath. She cannot walk up or down steps.

Ratzsch currently takes several medications for water retention, depression, heart condition, and asthma. She has the following monthly expenses related to her various medical conditions:

| | |
|---|---|
| Lasix | $ 11 |
| Effexor | 229 |
| aspirin | 2–3 |
| calcium | 3 |
| multi-vitamins | 6 |
| Norvasc | 58 |
| Advair | 126 |
| inhalers | 50–75 |
| Diovan | 52 |
| Toprol | 49 |
| potassium | 3–4 |
| diabetes testing— | |
| stickers | 7 |
| strips | 43 |

Ratzsch's cleaning job qualifies her for Title XIX assistance with the following medications: Lasix, Norvasc, Diovan and Toprol. Insurance coverage pays 80% of the cost of the diabetic supplies. She receives no assistance with the cost of Effexor, aspirin, calcium, Advair, inhalers, or potassium. Her share of the cost of doctor visits is about $47 per month.

Ratzsch filed a Chapter 7 bankruptcy petition on July 28, 2003. She received a discharge on November 6, 2003. Since the filing of her case, she has incurred debt on one credit card with a credit limit of $400. The current balance is about $300.

## Discussion

 A debtor's Chapter 7 discharge does not discharge any debt for a student loan insured or guaranteed by a governmental unit unless excepting such debt from discharge will impose an undue hardship on the debtor or the debtor's dependents. 11 U.S.C. § 523(a)(8). The parties agree that the student loans at issue are within the scope of § 523(a)(8). Ratzsch has the burden of proving by a preponderance of evidence that the debt is dischargeable on the basis of "undue hardship." *Ford v. Student Loan Guarantee Foundation of Arkansas (In re Ford)*, 269 B.R. 673, 675 (8th Cir. BAP 2001).

 To determine whether excepting a student loan debt from a debtor's discharge would impose an undue hardship, the court must consider the totality of circumstances. These include "(1) the debtor's past, present, and reasonably reliable future financial resources; (2) a calculation of the debtor's . . . reasonably necessary living expenses; and (3) any other relevant facts and circumstances surrounding each particular bankruptcy case." *Long v. Educational Credit Management Corp. (In re Long)*, 322 F.3d 549, 554 (8th Cir.2003). Stated another way, "if the debtor's reasonable future financial resources will sufficiently cover payment of the student loan debt while still allowing for a minimal standard of living, then the

debt should not be discharged." *Id.* at 554–55. The court must examine the debtor's ability to pay by looking at each loan separately rather than by looking at the aggregate student loan debt. *Andresen v. Nebraska Student Loan Program, Inc. (In re Andresen),* 232 B.R. 127, 136 (8th Cir. BAP 1999).

■ Ratzsch appears to be an intelligent and articulate person. Her counseling degree presumably gave her marketable skills. However, there may be few openings near Adel for counseling jobs for which she is qualified. Assuming Ratzsch will have to seek work outside her chosen field, other factors limit her employment prospects. She does not have a car. She has no current work history. Ratzsch has not had regular employment since leaving her factory job in 1994. Her general poor health is a significant factor limiting her job prospects. She has been disabled since 1993. Her health problems caused her to be a nursing home resident from June 2001 to April 2002. She would not be able to perform a job that involves walking or standing. Her prospects for steady employment are poor.

It does not appear that Ratzsch's financial situation will improve in the reasonably foreseeable future. She has received disability benefits for more than 10 years. The health problems caused by her obesity, and the related expenses for health care and prescription medications, are likely to continue. She has no valuable assets or other financial resources.

Ratzsch has a subsistence level of income. She has no amount budgeted for expenses that most Chapter 7 debtors incur, such as car payments or recreation. She relies on public assistance to maintain a minimal standard of living.

The court concludes that excepting the debt from discharge would impose an undue hardship.

IT IS ORDERED that the student loan obligation of Rebecca Ratzsch owed to Student Loan Finance Corporation, successor in interest to U.S. Bank, is discharged.